PEOPLE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Violation of Sanitary Regulation.

No. 1849.—Decided April 6, 1922.

SANITATION — BAKERIES — LICENSE — EVIDENCE. — When the owner of a bakery which was in operation at the time of the adoption of Sanitary Regulation No. 30 is charged with having made bread therein for public consumption without a license from the Department of Sanitation, considering the last

paragraph of section 20 of the said regulation it is necessary to prove that the Department of Sanitation had at some time ordered modifications to be made in the bakery and fixed a time for their completion.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of a violation of section 1 of Sanitary Regulation No. 30, promulgated on October 28, 1914, upon a complaint charging the facts as follows:

"That on June 6, 1921, on Mariano Vidal Street of the municipality of Arecibo, P. R., and within the Municipal Judicial District of Arecibo, P. R., the defendant, who is the owner or manager of a bakery situated on the said street, wilfully, maliciously and unlawfully engaged in the business of making wheat bread intended for public consumption, without having obtained the required license from an officer of the Department of Sanitation, thus violating the aforesaid regulation."

The bakery in question had been in operation for some sixteen years and the error assigned is that:

"The District Court of Arecibo committed a manifest error in weighing the evidence introduced, drawing a conclusion contrary to law, and especially in erroneously applying section 1 of Sanitary Regulation No. 30."

Sections 1 and 20 of the Regulation referred to read thus:

"Section 1.—No person, firm, corporation or institution shall offer for sale, sell or manufacture bread or other food products made with flour or superfine flour of wheat, without a permit issued by the appointed official of the Service of Sanitation and the approval by the engineer of said service of the plan or plans of the building or place to be used as a bakery, said plans to be subject to the provisions of this regulation."

"Section 20.—This regulation shall be applicable to newly constructed bakeries; *Provided,* That the Director of Sanitation is authorized to omit any of these requirements where in his opinion the amount of bread baked does not justify the expense and where such

omission will not in his opinion be prejudicial to the public health; *Provided*, That the bakeries now existing shall be altered and made to conform as far as possible to the provisions of this regulation within a reasonable time, as the Director of Sanitation may order from time to time.''

There was not the slightest intimation at the trial that any order for modifications or alterations had ever been issued or any time fixed as required by the second proviso of Section 20.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.